** PART II **
IN REGARD TO YOUR SECOND QUESTION, 74 O.S. 773(A) (1991), PROVIDES:
 "DURING ANY SESSION OF THE LEGISLATURE, AND WHEN THE LEGISLATURE IS NOT IN SESSION, A LEGISLATIVE COMMITTEE SHALL HAVE POWER TO ISSUE SUBPOENAS, COMPEL THE ATTENDANCE OF WITNESSES AND THE PRODUCTION OF ANY PAPERS, BOOKS, ACCOUNTS, DOCUMENTS, TESTIMONY AND EVIDENCE, AND TO CAUSE THE DEPOSITION OF WITNESSES, EITHER RESIDING WITHIN OR WITHOUT THE STATE, TO BE TAKEN IN THE MANNER PRESCRIBED BY LAW FOR THE TAKING OF DEPOSITIONS IN CIVIL ACTIONS IN THE DISTRICT COURTS."
FOR THE SAKE OF ARGUMENT, IT IS ASSUMED THAT THE BOOKS AND RECORDS OF THE OSBI WOULD BE SUBJECT, IN GENERAL, TO THE SUBPOENA POWERS OF A LEGISLATIVE COMMITTEE. THE RESULT APPEARS TO BE A CONFLICT BETWEEN THE AUTHORITY OF A COMMITTEE TO SUBPOENA AND THE LEGISLATIVE MANDATE THAT OSBI INVESTIGATIVE RECORDS BE KEPT CONFIDENTIAL. RESEARCH IN THIS AREA REVEALS NO SPECIFIC POWER OF A COMMITTEE TO REVIEW CONFIDENTIAL INFORMATION. 74 O.S. 73 MAKES REFERENCE THAT DISCOVERY THEREUNDER BE IN THE SAME MANNER AS IN THE DISTRICT COURT. TITLE 12 O.S. 3234 (1991), PROVIDES AUTHORITY FOR A PARTY IN A CIVIL ACTION TO REQUEST PRODUCTION OF DOCUMENTS AND THINGS. HOWEVER, THIS IS NOT AN ABSOLUTE RIGHT, AND THE PROCEDURE ALLOWS FOR OBJECTIONS TO BE RAISED TO PREVENT SOME DISCOVERY. 12 O.S. 3234(B) (1991). SIMILARLY, 12 O.S. 2004.1(B) PROVIDES FOR THE ISSUANCE OF A SUBPOENA TO A NON-PARTY TO A CIVIL ACTION FOR THE PRODUCTION OF DOCUMENTARY EVIDENCE. AGAIN, HOWEVER, IT IS WITHIN THE POWER OF A COURT TO QUASH OR LIMIT SUCH SUBPOENAS IF THEY ARE OPPRESSIVE OR UNREASONABLE.
BECAUSE OF THE APPARENT CONFLICT WHICH RESULTS HEREIN BETWEEN 74 O.S. 150.5 AND 74 O.S. 773, IT IS NECESSARY TO APPLY ADDITIONAL RULES OF STATUTORY CONSTRUCTION. IT MUST NOT BE ASSUMED THAT THE LEGISLATURE INTENDED AN ABSURD RESULT, AND A CONSTRUCTION SHOULD BE SOUGHT WHICH AVOIDS SUCH A RESULT. GRAND RIVER DAM AUTHORITY V. STATE, 645 P.2D 1011 (OKLA.1982). IF POSSIBLE, IT IS PROPER TO HARMONIZE STATUTES ON THE SAME SUBJECT WHICH ARE IN CONFLICT SO AS TO GIVE EFFECT TO BOTH. CITICORP SAVINGS AND TRUST CO. V. BANKING BOARD OF THE STATE OF OKLAHOMA, 704 P.2D 490 (OKLA.1985). WHERE THERE ARE TWO STATUTORY PROVISIONS, ONE OF WHICH IS SPECIAL AND CLEARLY INCLUDES THE MATTER IN CONTROVERSY, AND PRESCRIBES SOMETHING DIFFERENT FROM THE GENERAL STATUTE, THE SPECIAL STATUTE CONTROLS. CITY OF TULSA V. SMITTLE, 702 P.2D 367 (OKLA.1985).
IN THIS LIGHT, 74 O.S. 773 MAY BE SEEN TO PROVIDE THE GENERAL AUTHORITY FOR A LEGISLATIVE COMMITTEE TO SUBPOENA BOOKS AND RECORDS. HOWEVER, 74 O.S. 150.5 SPECIFICALLY MAKES CERTAIN OSBI RECORDS CONFIDENTIAL AND, IN FACT, EXACTS A PENALTY FOR DISCLOSURE OUTSIDE THE SCOPE OF THAT SECTION. SECTION 150.5 WOULD CONTROL THE APPLICABILITY OF 74 O.S. 773 TO THE EXTENT NECESSARY TO HARMONIZE THE TWO PROVISIONS. THEREFORE, A LEGISLATIVE COMMITTEE OR SUBCOMMITTEE WOULD NOT HAVE AUTHORITY TO SUBPOENA OR OTHERWISE OBTAIN CONFIDENTIAL INFORMATION OF THE OSBI.
THIS MAY NOT APPLY IN ALL SITUATIONS. WHILE RESEARCH HAS REVEALED NO SPECIFIC OKLAHOMA LAW ON THIS POINT, IT IS USEFUL TO NOTE THE GENERAL AUTHORITY OF THE LEGISLATURE TO SUBPOENA BOOKS AND RECORDS. IT HAS BEEN FOUND IN OTHER JURISDICTIONS THAT IT IS WITHIN THE POWER OF THE LEGISLATURE TO INVESTIGATE ANY SUBJECT RELATED TO ITS LEGISLATIVE POWER TO ENACT LAWS. GIBSON V. FLORIDA LEGISLATIVE INVESTIGATION COMMITTEE,372 U.S. 539, 83 S.CT. 889, 9 L.ED.2D 929, CONFORMED TO 153 SO.2D 301 (1963). THIS POWER HAS BEEN SEEN TO BE PENETRATING AND FAR-REACHING. ID. AT 83 S.CT. 893. NONETHELESS, MATTERS INVESTIGATED ARE LIMITED TO THOSE WITHIN THE PROPER AUTHORITY FOR THE LEGISLATURE TO ENACT LAWS AND MUST BE LIMITED BY CONSTITUTIONAL CONSIDERATIONS OF PRIVACY. WALLACE V. BREWER, 315 F.SUPP. 431 (D.C.ALA.1970). IT EXCEEDS LEGISLATIVE AUTHORITY TO INVESTIGATE A PERSON OR MATTER ON THE PRETENSE OF LEGISLATIVE ENACTMENT IN ORDER TO INVESTIGATE SUCH A PERSON OR MATTER FOR PROSECUTION. GREENFIELD V. RUSSEL, 127 N.E. 102, 292 (ILL.1920). WHEN IN CONFLICT WITH A PRIVACY ISSUE OR A MANDATE OF CONFIDENTIALITY, THE PROPRIETY OF SUCH LEGISLATIVE INQUIRY DEPENDS ON WHETHER IT IS NECESSARY FOR THE COMPLETION OR FURTHERANCE OF THE LEGISLATIVE INVESTIGATION UNDER WAY. UPHAUS V. WYMAN, 360 U.S. 72,79 S.CT. 1040, 3 L.ED.2D 1090 (1959).
THIS WOULD INDICATE THAT IN THE COURSE OF EXAMINING MATTERS RELATED TO CERTAIN LEGISLATIVE FUNCTIONS TO BE BROUGHT BEFORE THE LEGISLATURE, IT MAY BE PROPER FOR A COMMITTEE, OR THE WHOLE LEGISLATURE, TO REQUIRE THE PRODUCTION OF OTHERWISE CONFIDENTIAL INFORMATION OR RECORDS. THIS APPEARS TO BE LIMITED TO LEGISLATIVE PURPOSES BY THE OKLAHOMA CONSTITUTION. ARTICLE IV, SECTION 1 OF THE OKLAHOMA CONSTITUTION PROVIDES:
 THE POWERS OF THE GOVERNMENT OF THE STATE OF OKLAHOMA SHALL BE DIVIDED INTO THREE SEPARATE DEPARTMENTS: THE LEGISLATIVE, EXECUTIVE, AND JUDICIAL; AND EXCEPT AS PROVIDED IN THIS CONSTITUTION, THE LEGISLATIVE, EXECUTIVE, AND JUDICIAL DEPARTMENTS OF GOVERNMENT SHALL BE SEPARATE AND DISTINCT, AND NEITHER SHALL EXERCISE POWERS PROPERLY BELONGING TO EITHER OF THE OTHERS.
WHILE MOST COURTS WOULD AFFIRM THE BROAD POWER WHICH EXISTS, IT IS NOT ALL-ENCOMPASSING AND MUST RELATE TO THE LEGISLATIVE FUNCTION TO ENACT LAWS OR SOME OTHER LEGISLATIVE FUNCTION. TWEEDY V. OKLAHOMA BAR ASSOCIATION, 624 P.2D 1049 (OKLA.1981). HOWEVER, THE SCOPE OF AUTHORITY OF A PARTICULAR COMMITTEE WOULD ENTAIL A QUESTION OF FACT, WHICH THIS OFFICE CANNOT ANSWER.
THIS INTERPRETATION DOES AVOID AN ABSURD RESULT OTHERWISE POSSIBLE. CRIMINAL PENALTIES APPLY FOR THE "UNAUTHORIZED DISCLOSURE" OF OSBI RECORDS. 74 O.S. 150.5. THE RESPONSE TO A SUBPOENA DUCES TECUM, WHERE SUCH A SUBPOENA IS ISSUED UNDER THE AUTHORITY OF THE LEGISLATURE OR A COMMITTEE TO INVESTIGATE IN FURTHERANCE OF ITS LEGISLATIVE FUNCTION, WOULD AUTHORIZE DISCLOSURE BASED UPON IMPLIED LEGISLATIVE AUTHORITY. SO LONG AS THE INVESTIGATION IS NOT OF A JUDICIAL NATURE OR OTHERWISE IN CONFLICT WITH CONSTITUTIONAL PROVISIONS ON SEPARATION OF POWERS, THERE WOULD LIKELY BE NO VIOLATION OF 74 O.S. 150.5 BY A STATE EMPLOYEE WHO COMPLIED WITH SUCH A SUBPOENA. WERE THIS NOT THE CASE, EACH PERSON WHO COMPLIED WITH A COMMITTEE SUBPOENA ISSUED BY A COMMITTEE WHICH ACTED OUTSIDE ITS LEGISLATIVE FUNCTION WOULD BE SUBJECT TO REMOVAL FROM HIS OR HER POSITION WITH THE STATE AND WOULD BE GUILTY OF A MISDEMEANOR. SUCH A RESULT CANNOT BE INFERRED FROM THE LANGUAGE IN 773.
IT IS ALSO NECESSARY TO NOTE THAT THE REQUIREMENT FOR CONFIDENTIALITY IS SET FORTH PLAINLY IN THE LANGUAGE OF 74 O.S. 150.5. THAT SECTION IS UNAMBIGUOUS IN ITS MANDATE THAT THE OSBI MAINTAIN CONFIDENTIALITY UNDER PENALTY OF LAW. THERE IS NO STATUTORY EXCEPTION FOR LEGISLATIVE INQUIRY EXPRESSED IN THAT SECTION OR ANY OTHER SECTION OF THE OKLAHOMA STATUTES. AS IT APPEARS THAT THIS ISSUE HAS NOT BEEN LITIGATED IN OKLAHOMA, IT IS NOT POSSIBLE FOR THIS OFFICE TO STATE UNEQUIVOCALLY THAT THE RULE OF STATUTORY CONSTRUCTION (BY WHICH THE SPECIFIC MANDATE OF CONFIDENTIALITY BY THE OSBI WOULD TAKE PRECEDENCE OVER THE GENERAL AUTHORITY OF A LEGISLATIVE COMMITTEE OR SUBCOMMITTEE TO SUBPOENA INFORMATION) WOULD FALL BY THE WAYSIDE TO A GENERAL ABILITY OF THE LEGISLATURE TO COMPEL PRODUCTION OF INFORMATION, AS HAS BEEN FOUND IN OTHER STATES. IT APPEARS THAT THIS CONFLICT MAY BE ONE WHICH, IF TESTED, WOULD NEED TO BE RESOLVED BY LITIGATION IN A COURT OF COMPETENT JURISDICTION.
IT IS USEFUL TO NOTE IN THE LANGUAGE OF 74 O.S. 150.5(D) THAT THE REQUIREMENT OF CONFIDENTIALITY APPLIES ONLY TO INVESTIGATIONS "BEING CONDUCTED" BY THE OSBI. A PLAIN READING OF THIS SECTION WOULD INFER THAT INVESTIGATIONS NO LONGER BEING CONDUCTED WOULD NOT RETAIN THE REQUIREMENT THAT THEY BE HELD CONFIDENTIAL. WHETHER A PARTICULAR INVESTIGATION IS BEING CONDUCTED WOULD ALSO INVOLVE A QUESTION OF FACT UPON WHICH THIS OFFICE CANNOT PROVIDE AN OPINION.
IN REGARD TO YOUR THIRD QUESTION, 150.5 PROVIDES GUIDELINES AS TO WHOM THE GOVERNOR MAY DISSEMINATE A COPY OF AN OSBI INVESTIGATIVE REPORT. IT HAS BEEN THE POSITION OF THIS OFFICE THAT WHEN THE AGENCY THAT WAS THE SUBJECT OF AN OSBI INVESTIGATION IS AN AGENCY WHICH HAS STATUTORY AUTHORITY IN THE MATTER INVOLVED, THAT AGENCY MAY RECEIVE A COPY OF THE REPORT FROM THE PERSON OR ENTITY WHICH REQUESTED THE INVESTIGATION. A.G. OPIN. NO. 85-051. HOWEVER, AS IS STATED IN 150.5, IT MUST APPEAR TO BE PROPER TO DO SO FROM THE INFORMATION PROVIDED IN THE REPORT. WHETHER IT WOULD BE PROPER TO DO SO IN A PARTICULAR CASE WOULD, AGAIN, ENTAIL A QUESTION OF FACT UPON WHICH THIS OFFICE CANNOT PROVIDE AN OPINION.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT:
 1. THE GOVERNOR OF THE STATE OF OKLAHOMA MAY NOT, PURSUANT TO 74 O.S. 150.5, DISSEMINATE A COPY OF AN OFFICIAL OKLAHOMA STATE BUREAU OF INVESTIGATION INVESTIGATIVE REPORT TO A LEGISLATIVE TASK COMMITTEE IF THE GOVERNOR WAS THE PERSON WHO REQUESTED THE INVESTIGATION.
 2. A LEGISLATIVE COMMITTEE HAS NO GENERAL AUTHORITY TO SUBPOENA INFORMATION REQUIRED TO BE KEPT CONFIDENTIAL BY THE OSBI PURSUANT TO 74 O.S. 150.5. HOWEVER, A LEGISLATIVE COMMITTEE WITH SUBPOENA POWER, WITHIN THE CONFINES OF ITS SPECIFIC COMMITTEE FUNCTION AND PURSUANT TO THE LEGISLATURE'S AUTHORITY TO ENACT LAWS, MAY HAVE THE LIMITED AUTHORITY TO SUBPOENA AN INVESTIGATIVE REPORT WHICH MUST OTHERWISE BY LAW REMAIN CONFIDENTIAL, WHEN TO SUBPOENA SUCH AN INVESTIGATIVE REPORT IS CONSISTENT WITH THE COMMITTEE'S LEGISLATIVE MANDATE. THIS OFFICE REMAINS CAUTIOUS ABOUT ANY SPECIFIC DETERMINATION OF THIS AUTHORITY.
 3. THE GOVERNOR, IF HE REQUESTED THE INVESTIGATION, MAY DISSEMINATE, PURSUANT TO 74 O.S. 150.5, A COPY OF AN OKLAHOMA STATE BUREAU OF INVESTIGATION INVESTIGATIVE REPORT TO AN AGENCY IF THE AGENCY HAS STATUTORY AUTHORITY IN THE MATTER AND IF IT APPEARS PROPER TO DO SO FROM THE INFORMATION CONTAINED IN THE REPORT.
(JAMES ROBERT JOHNSON)